United States District Court
Southern District of Texas

**ENTERED**

July 22, 2026

Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE JUAN RIOS-AVENDANO,<br>　　Petitioner, | §<br>§<br>§<br>§<br>§ | CIVIL ACTION NUMBER<br>4:26-cv-05749 |
| versus | §<br>§<br>§ | JUDGE CHARLES ESKRIDGE |
| TODD BLANCHE, *et al*,<br>　　Respondents. | §<br>§ | |

### ORDER ON DISMISSAL

Petitioner Jose Juan Rios-Avendano filed a petition for writ of *habeas corpus* under 28 USC §2241 on July 20, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his current detention, after having been previously released into the country, violates the Due Process Clause of the Fifth Amendment and principles with respect to separation of powers and unlawful arrest.

A district court entertaining an application for a writ of *habeas corpus* "shall forthwith award the writ" or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 USC §2243. A petition brought under 28 USC §2241 is subject to summary dismissal if it "plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." *Kiser v Johnson*, 163 F3d 326, 328 (5th Cir 1999), quoting Rule 4 of the Rules Governing Section 2254 Cases. See also Rule 1(b) of the Rules Governing Section 2254 Cases (permitting courts to apply such rules to *habeas* petitions not covered by Rule 1(a), including §2241 petitions).

The Fifth Circuit issued a controlling decision on February 6, 2026, with respect to detention under 8 USC §1225(b)(2)(A). See *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under §1225(b)(2)(A). See id at 502–08. Such determination forecloses any statutory arguments under the INA.

The Fifth Circuit issued a separate decision on July 2, 2026, with respect to the constitutionality of detention under §1225(b)(2)(A). See *Sosnava Rodriguez v Ortega*, 2026 WL 1906557 (5th Cir). With reference to limitations imposed by the Due Process Clause, the decision holds that the Government may detain individuals under the subject statute "for ninety days but no longer without a bond hearing," and that "at the hearing, the Government must articulate an individualized justification for further detention without bond." Id at *16. But on July 10, 2026, the Fifth Circuit vacated that decision pending rehearing *en banc*. See *Sosnava Rodriguez v Ortega*, 2026 WL 2014647, *1 (5th Cir). This means that the panel opinion is currently "of no precedential value." *Comer v Murphy Oil USA, Inc*, 718 F3d 460, 468 (5th Cir 2013).

The undersigned has now ruled on nearly three hundred petitions for writ of *habeas corpus* since challenges in this context began in earnest in September 2025. This includes decisions on the following issues pertinent to the subject petition:

- o *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex): Resolving statutory question under §1225(b)(2)(A) consistent with interpretation later adopted in *Buenrostro-Mendez* and cited there with approval. See 166 F4th at 500 n 4.

- o *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody

- determination beyond the mandate of §1225(b)(2)(A).

  o *Herrera Estrada v Thompson,* 2026 WL 2000097 (SD Tex): Holding that pre-removal-order detention authorized by §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even if it exceeds the six-month period set out in *Zadvydas v Davis*, 533 US 678 (2001), as to post-removal-order detention.

  o *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex): Holding that claims under the *Accardi* doctrine as to lawfulness of arrest fail because an illegal arrest has no bearing on the legality of detention following arrest.

  o *Ponce Delgado v Bondi*, 4:26-cv-01853 (SD Tex, Apr 30, 2026): Holding that separation-of-powers claim fails to the extent that it asserts insulation from administrative and judicial oversight, given that judicial oversight of detention proceeds on *habeas corpus*.

  o *Marcelo-Aguila v Noem*, 2026 WL 936337 (SD Tex): Holding that prior release on supervision under §1226(a) doesn't constrain the Government's authority to detain an applicant for admission under §1225(b)(2)(A) without individualized custody determination.

  o *Diakite v Frink*, 2026 WL 1999868 (SD Tex): Holding that revocation of prior release under §1226(a) doesn't require a showing of materially changed circumstances, given that §1226(b) permits such revocation "at any time," and §1226(e) limits judicial review of such determinations.

The arguments in the petition raise only issues resolved to the contrary in the decisions cited above. As such, it appears from the face of the petition that Petitioner

is not entitled to relief. The petition will thus be dismissed with prejudice on the basis presently submitted.

Petitioner is advised to follow the *en banc* proceedings of the Fifth Circuit in *Sosnava Rodriguez*. He may file a motion for reconsideration or a later petition if warranted after those proceedings conclude.

*   *   *

The petition for writ of *habeas corpus* by Petitioner Jose Juan Rios-Avendano is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on July 22, 2026, at Houston, Texas.


_____

Honorable Charles Eskridge
United States District Judge

4